United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
HARRY BORESS,                           No   C-03-2897 VRW

            Plaintiff                        ORDER

            v

SCOTT REYNOLDS, et al,

            Defendants.
                                    /
```

On August 5, 2004, the court granted defendants' motion to dismiss this case for lack of subject matter jurisdiction. Doc #21 (Order). Additionally, the court granted defendants' motion for sanctions pursuant to 28 USC § 1927. Id at 8. In the closing paragraph of its August 5, 2004, order, the court instructed defendants to "file their request for costs and attorney's fees with the court no later than August 26, 2004." Id at 8. Six months later, on February 25, 2005, the court received defendants' request for costs and fees. Doc #25. In their request, defendants move this court for Rule 60(b) relief from the August 5, 2004,

1 order inasmuch as it required them to file their costs and fees
2 request by August 26, 2004. Doc #27. Because the court finds this
3 matter suitable for decision without oral argument, the hearing
4 scheduled for May 12, 2005, is VACATED. Civ L R 7-1(b). For the
5 reasons that follow, the court DENIES defendants' motion.

I

8 Defendants premise their Rule 60(b) request for relief on
9 the "excusable neglect" and "inadvertence" of their counsel, namely
10 the law firm of Gaw, Van Male, Smith, Myers & Miroglio (GVM). Id
11 at 2. The court will construe defendants' Rule 60(b)(1) motion for
12 relief as a motion for an enlargement of time pursuant to FRCP
13 6(b)(2).

14 FRCP 6(b)(2) provides, in pertinent part, that

> when * * * by order of court an act is required * * * to
> be done * * * within a specified time, the court for good
> cause shown may at any time in its discretion * * * upon
> motion made after the expiration of the specified period,
> permit the act to be done where the failure to act was the
> result of excusable neglect.

19 "Although 'excusable neglect' is a flexible, equitable concept * *
20 * the moving party nevertheless bear[s] an inescapable burden of
21 establishing a satisfactory reason for not complying with the
22 unambiguous deadline prescribed by the court." Pantoja-Perales v
23 Hopper Bros, 1996 US Dist LEXIS 10844, *4 (D Ore 1996) (citing Kyle
24 v Campbell Soup Co, 28 F3d 928, 931-32 (9th Cir 1994)). The Tenth
25 Circuit has held that a movant may meet this burden by a showing of
26 good faith coupled with a showing that there was a reasonable basis
27 for not complying within the time specified by the court. See In
28 re Four Seasons Securities Laws Litigation, 493 F2d 1288, 1290

2

(10th Cir 1974). It appears the Ninth Circuit has adopted the Tenth Circuit's standard. See <u>Silber v Mabon</u>, 18 F3d 1449, 1455 (9th Cir 1994) (citing with approval the standard announced in <u>Four Seasons</u>).

Defendants offer only one explanation for not complying with the August 26, 2004, deadline. In his declaration, Jeffrey Daniel (counsel for defendants) states:

> The attorney handling this matter on behalf of [GVM] was Jay Menchaca * * *. Mr Menchaca is no longer with [GVM]. Mr Menchaca left the firm in February 2004, shortly after the court heard [d]efendant's [sic] motion to dismiss. On or about August 9, 2004, [GVM] received from the court a copy of the order dismissing [p]laintiff's complaint. <u>The order was placed in the file</u>. * * *. I took over the case in or about late October or early November 2004 * * *. The question of attorneys [sic] fees did not arise until mid-December when I made a settlement offer to [p]laintiff. Until that time, I had <u>assumed</u> that the issue of attorneys [sic] fees was stayed pending the outcome of [p]laintiff's appeal [to the Ninth Circuit]. It was not until late December that I discovered that there was no order staying further action * * * and that the motion for attorneys [sic] fees had not been timely presented to the court.

Doc #26 (Daniel Decl) at 2, ¶¶7-8 (emphases added).

While the court is convinced there is no bad faith on the part of GVM, there must still be a reasonable basis for not complying with the court-ordered deadline. Defendants' counsel admits that it received the court's August 5, 2004, order; but no one in the firm read it. Because Mr Manchaca had left the firm, the court's order in this case was simply "placed in the file." (The court wonders how many other landmines are hiding in Mr Manchaca's apparently unperused files.) GVM's failure to review the court's August 5, 2004, order is made all the more astonishing by the fact that defendant Scott Reynolds is a <u>senior partner</u> at GVM. See

3

http://www.gawvanmale.com/ssreynolds.htm.

Applying the "excusable neglect" standard described above, it is clear that GVM's failure to meet the deadline in this case is not excusable neglect. While "reasonable basis" is a very lenient standard, complete failure to read a court order and simply placing it in a file because the attorney assigned to the case has left the firm is <u>not</u> a reasonable basis. Moreover, once Daniel was assigned to the case, it appears he did not pull the order from the file; he simply "assumed" that the issue of attorney's fees was stayed. But this assumption was not reasonable. The court's August 26, 2004, deadline was not stayed by plaintiff's appeal; plaintiff did not appeal until August 30, 2004, -- four days after the deadline had expired.

This is not excusable neglect.

II

Accordingly, defendants' Rule 6(b) motion to enlarge the time to file their requests for costs and attorney's fees is DENIED.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

**4**